*Court of Common Pleas, Dauphin County, November 9th, 1868.*

## KREITER ET AL. *v.* HAMMER.

A landlord who has distrained for part of his rent, will not be estopped from claiming the residue, not exceeding one year's rent, from the proceeds of a sheriff's sale of the tenant's property, nor will the taking of a note of a third person, when it was not to be taken in satisfaction of the rent.

A constable's levy made before the execution came into the hands of the sheriff, will be presumed to be regular, until it is shown that it is not.

BY THE COURT.—Several exceptions have been taken to the report of the auditor in this case. We shall consider first, the claim of George W. Harris. It is said that he, having issued a landlord's warrant, and distrained for a portion of what was due, is estopped from claiming any more. It would seem from the evidence, that Mr. Harris had received the note of a third person as part of his rent, and given a receipt for $276.50, "to be a credit when paid." After a warrant issued to distrain, and before the sheriff's sale of Hammer's goods, Mr. Harris discovered that the drawer of the note was wholly insolvent, and gave the sheriff notice to retain his rent for the premises on which the property levied was situated, not exceeding one year's. This, as landlord, he was entitled to receive, and the fact of distraining for a part, did not estop him from claiming more. He could have issued a second warrant on discovering that the note would not be paid, and distrained for the residue. If he had such right, he could clearly demand the money from the sheriff, raised by a sale of the goods on which he had a right of distress. Unless accepting the note was satisfaction *pro tanto* of the rent, he could, under the act of Assembly, demand it from the sheriff. Taking the note of the tenant will not debar the landlord from distraining, nor would the note of a third person, unless accepted as satisfaction. Here it most clearly was not, as is manifest from the form of the receipt.

We have but little doubt as to the correctness of the auditor's decision on the claim of the United States. It is made a lien by the act of Congress, but as the question is comparatively new in our courts, and as the case must be argued on other points, this may be investigated at the same time.

We are by no means clear as to the competency of De Beck, the constable, to testify in the case; nor are we satisfied as to the validity of his levy. It may or may not be good, and the evidence of the constable may be wholly unnecessary; for if his levy is regular on its face, made on the 19th, and the writ did not come into the hands of the sheriff until the 20th, we must presume it regularly made; and it will rest on the later lien creditors to prove

[Kreiter et al. *v.* Hammer.]

its invalidity.   Not having the levy before us, we cannot say whether it required the support of parol to render it valid.

We therefore confirm so much of the auditor's report as awards $502.45 to George W. Harris, and direct that the same be paid over to him.   We are also of the opinion that the question of costs is correctly disposed of.   The claim of the United States for $54.47, taxes due, and that of the Washington Coal Company for $77.89, together with the amount awarded to the later lien creditors, is held under advisement, and the question on which those subjects turn is directed     be argued.